**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| Jason Scott, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>Transworld Systems – National Debt Collection Company<br>    Defendant. | **CIVIL ACTION NO.**<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Jason Scott, by and through the undersigned counsel, and for his Class Action Complaint against the Defendant, Transworld Systems – National Debt Collection Company, states as follows:

## I. INTRODUCTION

1. Jason Scott (hereinafter "Scott"), individually, and on behalf of all others similarly situated, brings this Complaint for damages against Defendant, Transworld Systems – National Debt Collection Company (hereinafter "Defendant" or "Transworld Systems"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

2. Scott, individually, brings this Complaint for damages against Transworld Systems for violations of the Iowa Debt Collections Practices Act (hereinafter "IDCPA") Iowa Code § 537.7103 which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## II.  JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. The court further has jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in Madison County, Iowa.

## III.  PARTIES

5. Scott is a natural person residing in Madison County, Iowa and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined in Iowa Code § 537.7102(6).

6. Defendant Transworld Systems has a registered agent in the State of Iowa of CT Corporation System located at 400 E. Court Ave., Des Moines, Iowa 50309.

7. Defendant is a "debt collector" as defined at Iowa Code § 537.7102(5) and 15 U.S.C. § 1692a(6). Under 15 U.S.C. § 1692a(6), Transworld Systems is a debt collector, as the definition includes "any person who uses any instrumentality of interstate commerce or the mail in any business  the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

## IV.  FACTUAL ALLEGATIONS

8. On or about November 16, 2000 the Plaintiff executed a Promissory Note in favor of Iowa Student Loan Liquidity in the amount of $8,000.00 (hereinafter "the debt") which was for family or personal purposes making it a debt as that term is defined at 15 U.S.C. §1692a(5).

9. The Promissory Note was also a debt as defined by Iowa Code §§ 537.7102(3).

10. Plaintiff has made no payment for ten or more years towards the debt.

11. On or about September 15, 2017 the Plaintiff received a letter which appeared to be from the Iowa Department of Revenue based on the language of the letter and the letterhead (hereinafter "letter"), attached and labeled as Exhibit 1.

12. Through investigation, Plaintiff discovered that the letter was not from the Iowa Department of Revenue but instead from the Defendant.

13. Said letter stated the alleged amount of the debt and that the alleged debt was owed to Iowa College Aid.

14. The letter stated that the total amount owed was $12,814.38 and to be paid by October 6, 2017.

15. The letter failed to indicate that the communication was from a debt collector and the Defendant was attempting to collect a debt and that any information obtained will be used for that purpose in violation of 15 U.S.C. §1692e(11) and Iowa Code § 537.7103(4)(b).

16. Defendant made the false representation or implication that the Defendant was vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

17. Defendant failed to clearly disclose the name and full business address of the person to whom the claim has been assigned at the time of making a demand for money.

18. Defendant made a false representation, or a representation which tends to create a false impression, about the status or true nature of, or services rendered by, the debt collector or the debt collector's business.

19. Defendant made a fraudulent, deceptive or misleading representation, or a representation which tends to create a false impression of the character, extent or amount of a debt or of the debt's legal status.

20. Defendant threatened to take an action that cannot legally be taken or that is not intended to be taken.

21. The letter failed to failed to state that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector as required by 15 U.S.C. 1692g(a)(3).

22. The letter failed to state that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector as required by 1692g(a)(4).

23. The letter failed to state that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor as required by 1692g(a)(5).

24. The failure to include the required language of 1692g makes a false representation of the debt and constitutes a deceptive, unfair, or unconscionable attempt to collect the debt in violation of the enumerated Federal and State statutes below.

## V. **CLASS ALLEGATIONS**

25. This action is brought on behalf of a class of consumers consisting of persons throughout the state of Iowa who were sent an initial written communication by Defendant that was in the same or similar format as attached Exhibit 1, within the previous one year from the date of filing the above captioned-Complaint

26. The class is so numerous that joinder of all members is impracticable.

27. Plaintiff brings this action individually and as a Class action. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify this Class.

28. There are questions of law and fact common to the Class that predominate any questions affecting only individual Class members. The questions include but are not limited to:

    a. Did TSI violate the FDCPA by engaging in collection activity which was abusive, deceptive, and unfair?

29. Plaintiff's claims are typical of the claims of the Class members, which all arise from the same operative facts and are based on the same legal theories, including:

    a. The recovery of statutory and actual damages for Defendant's violations of federal collection laws.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer rights class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue his case.

31. This action should be maintained as a Class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for those opposing the Class.

32. A Class action is a superior method for the fair and efficient adjudication of controversy. The interest of Class members in individually controlling prosecution of separate claims against Defendant is small. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained using Defendant's records.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.

33. Plaintiff incorporates by reference all the above paragraphs of this complaint as though fully stated herein.

34. Defendant, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

    a. 1692e(1) Defendant made the false representation or implication that the Defendant was vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof;

    b. 1692e(2)(A) Defendant made a false representation of the character, amount, or legal status of the debt;

    c. 1692e(5) Defendant threatened to take an action that cannot legally be taken or that is not intended to be taken;

    d. 1692e(9) Defendant used or distributed any written communication which simulated or was falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which created a false impression as to its source, authorization, or approval;

    e. 1692e(10) Defendant attempted to collect the debt through false representation or deceptive means;

    f. 1692e(11) Defendant failed to disclose in the initial written communication with the Plaintiff that Transworld Systems was attempting to collect the debt and that

6

      any information obtained would be used for that purpose. Further, Defendant failed to disclose in subsequent communications that the communication was from a debt collector;

g.     1692e(14) Defendant used a business, company or organization name other than the true name of the debt collector's business, company or organization;

h.     1692f Defendant used unfair or unconscionable means to collect or attempt to collect any debt;

i.     1692g(a) (3) Defendant failed to state that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

j.     1692g(a)(4) Defendant failed to state that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

k.     1692g(a)(5) Defendant failed to state that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

l.     1692j(a) Defendant designed, compiled, and furnished a form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer was participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in

fact such person is not so participating.

35. As a result of each and every violation by Defendant of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**WHEREFORE**, Plaintiff Scott prays that judgment be entered against Transworld Systems as follows:

    a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. For such other and further relief as may be just and proper.

### SECOND CLAIM FOR RELIEF: VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT, IOWA CODE § 537.7103

36. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

37. Defendant, through the foregoing intentional and negligent acts and omissions, violated multiple provisions of the IDCPA including, but not limited to, the following provisions of the Iowa Code § 537.7103:

    a. 537.7103(1)(f) Defendant took an action or threatened to take an action to collect the debt prohibited by this chapter or any other law;

    b. 537.7103(4)(a) Defendant used a business, company or organization name while engaged in the collection of debts, other than the true name of the debt collector's

business, company, or organization or the name of the business or company the debt collector represents;

c. 537.7103(4)(b) Defendant failed to disclose in the initial written communication with the Plaintiff that Transworld Systems was attempting to collect a debt and that information obtained would be used for that purpose. Further, Defendant failed to disclose in subsequent communications that the communication was from a debt collector;

d. 537.7103(4)(d) Defendant failed to clearly disclose the name and full business address of the person to whom the claim has been assigned at the time of making a demand for money;

e. 537.7103(4)(e) Defendant made a fraudulent, deceptive, or misleading representation or means to collect or attempt to collect a debt through an intentional misrepresentation, or a representation which tends to create a false impression of the character, extent or amount of a debt, or of its status in a legal proceeding;

f. 537.7103(4)(f) Defendant made a false representation, or a representation which tended to create a false impression, that a debt collector is vouched for, bonded by, affiliated with, or an instrumentality, agency or official of the state or an agency of federal, state or local government;

g. 537.7103(4)(g) Defendant used or distributed or sold a written communication which simulates or is falsely represented to be a document authorized, issued or approved by a court, an official or other legally constituted or authorized

    authority, or which tends to create a false impression about its source, authorization or approval; and

  h. 537.7103(4)(i) Defendant made a false representation, or a representation which tends to create a false impression, about the status or true nature of, or services rendered by, the debt collector or the debt collector's business.

38. As a result of each and every violation by Defendant of the IDCPA, Plaintiff is entitled to actual damages pursuant to Iowa Code § 537.5201(1)(y); statutory damages in an amount between $100 and $1,000.00 pursuant to Iowa Code § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to Iowa Code § 537.5201(8) from Defendant herein.

  **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

  a. For an award of actual damages for Defendant's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

  b. For an award of statutory damages of $1000.00 for Defendant's violations of the IDCPA pursuant to Iowa Code § 537.5201(1)(y);

  c. For an award of award of the costs of this action and reasonable attorney fees for Defendant's violations of the IDCPA pursuant to Iowa Code § 537.5201(8) and;

  d. For such other and further relief as may be just and proper.

## VII. TRIAL BY JURY

The Plaintiff respectfully requests a trial by jury.

MARKS LAW FIRM, P.C.

/s/ Samuel Z. Marks_____
Samuel Z. Marks
Attorney I.D. # IS9998821
4225 University Avenue
Des Moines, Iowa 50311
(515) 276-7211
FAX (515)276-6280
EMAIL sam@markslawdm.com
 office@markslawdm.com


Thomas J. Lyons, Jr., Esq.
Minnesota Attorney I.D. #: 0249646
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
Email:tommy@consumerjusticecenter.com
ADMISSION PRO HAC VICE PENDING
ATTORNEYS FOR PLAINTIFFS